## Lexington Ins. Co. v New York Mar. & Gen. Ins. Co.

2024 NY Slip Op 32341(U)

July 9, 2024

Supreme Court, New York County

Docket Number: Index No. 651214/2022

Judge: Melissa A. Crane

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     __HON. MELISSA A. CRANE__                    PART                    60M

*Justice*

-----------------------------------------------------------------------------X

LEXINGTON INSURANCE COMPANY, ON ITS OWN
BEHALF AND AS SUBROGEE OF TWIN AMERICA, LLC
AND MARK 'ZEV' MARMURSTEIN,

                                                Plaintiff,

                        - v -

NEW YORK MARINE AND GENERAL INSURANCE
COMPANY, GREENWICH INSURANCE COMPANY, TWIN
AMERICA, LLC,MARK 'ZEV' MARMURSTEIN

                                                Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 651214/2022 |
| MOTION DATE | 04/15/2024, 04/15/2024 |
| MOTION SEQ. NO. | 010 011 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 010) 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 278

were read on this motion to/for          JUDGMENT - SUMMARY          .

The following e-filed documents, listed by NYSCEF document number (Motion 011) 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 260, 261, 262, 263, 277, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294

were read on this motion to/for          JUDGMENT - SUMMARY          .

Melissa A. Crane, JSC.

This case arises from a November 2015 tour bus accident in California. The accident

allegedly injured many people, caused significant property damage, and resulted in various

lawsuits against the tour operators and tour bus owners (*Kfouri v CS Global SF*, No. CGC-16-

551098 [San Francisco Super. Ct.] [the consolidated underlying litigation]).

Under a reservation of rights, defendant New York Marine (NYM) accepted defense of

defendants Twin America, LLC (Twin America) and Mark 'Zev' Marmurstein (Marmurstein), as

well as YM SF, ZM SF, ZM 235 Main, Compania Hispania de Tranvias, Watts, and Ybarra, on

**651214/2022   LEXINGTON INSURANCE COMPANY, ON ITS OWN BEHALF AND AS SUBROGEE
OF TWIN AMERICA, LLC AND MARK 'ZEV' MARMURSTEIN vs. NEW YORK MARINE AND
GENERAL INSURANCE COMPANY ET AL
Motion No.  010 011**

Page 1 of 6

1 of 6

[* 1]

the grounds that those entities and individuals are potential contractual indemnities of NYM's insured, CS Global SF and/or SFTS. As contractual indemnities, under the NYM policy, the costs incurred in defending these entities would reduce the policy limits available. Ultimately, the underlying litigation settled for $10.5 million.

Plaintiff Lexington Insurance Co. (Lexington), an insurer that provided umbrella coverage to the tour bus operator defendants Twin America and Marmurstein (together, the Twin defendants), brought this action to recover $2.5 million that Lexington paid, subject to a reservation of rights, towards the settlement.

In motion 10, NYM moves for summary judgment that it has satisfied its insurance obligations to plaintiff Lexington. NYM takes the position that under the policy, its provision of defense costs in the underlying litigation erodes the limits of the insurance policy, because the Twin defendants could never be vicariously liable. In motion 11, Lexington moves for summary judgment that NYM owes it $1M, the limits of NYM's policy.

The issue on this motion is simple: did the potential for NYM's insured's to be held vicariously liable remain, or has extrinsic evidence put this issue beyond contention?

As discussed, NYM issued its policy to named insured SFTS and provided liability coverage for "specifically described autos." This included the bus in the underlying accident, with a $1 million limit per accident. CS Global (the other Bus Owner) was also a named insured. In addition, the NYM policy defined "insured" as:

> (a) the named insured for any covered "auto"; (b) individuals using a covered "auto" with the named insured's permission; and (c) "**[a]nyone liable for the conduct of an 'insured' described above but only to the extent of that liability**."

(NYM policy section II.A.1(c)).

**651214/2022   LEXINGTON INSURANCE COMPANY, ON ITS OWN BEHALF AND AS SUBROGEE OF TWIN AMERICA, LLC AND MARK 'ZEV' MARMURSTEIN vs. NEW YORK MARINE AND GENERAL INSURANCE COMPANY ET AL Motion No.  010 011**

**Page 2 of 6**

2 of 6

[* 2]

Plaintiff agrees that California law applies to this dispute. Plaintiff also concedes that California courts have interpreted the above bolded policy language to mean vicarious liability only, not something else, such as alter ego liability. Plaintiff has also conceded that, unlike in New York, under California law, facts extrinsic to the underling complaint can eliminate the duty to defend (*see* Lexington's post argument letter brief, dated February 21, 2024 ["There is no dispute that, under California law, NYM could consider extrinsic facts to withdraw its duty to defend."]).

Here, the undisputed evidence conclusively established that: CS Global owned the bus (Austin Aff. ¶¶ 8-10, 13, Exhibits 13, 14, 15, 18); SFTS operated the bus tour (Austin Aff. ¶ 13, Exhibit 18); and SFTS employed the driver, Mr. Malvar (Austin Aff. ¶ 7, Exhibit 13). Lexington even concedes that "neither Twin nor Marmurstein owned, operated, rented, or loaned the Bus" (Lexington's Memo. at 11 of 45). SFTS employed Mr Malavar, the driver. City Sightseeing did not share any employees with SFTS; did not employ Malvar; did not "acquire, own, lease or rent," or have any responsibility for the maintenance, repair, inspection or registration of the subject bus or of any vehicles operated by SFTS or CS Global; did not collect fares from passengers on SFTS-operated tours; and was not a franchisor.

Moreover, in the underlying case, the court found the settlement to be fair in part because "there would be issues with recovering these funds due to TA and Marmurstein living in New York[ and] not owning, operating, controlling, maintaining or using the bus involved in the accident" (see EDOC 80, Order Granting Good Faith Settlement, dated January 3, 2022).

Thus, the extrinsic evidence all establishes that the insureds for which Lexington seeks to collect could never, under any circumstances, be vicariously liable to the underlying plaintiffs.

Lexington contends there are factual disputes that were never resolved in the underlying

**651214/2022   LEXINGTON INSURANCE COMPANY, ON ITS OWN BEHALF AND AS SUBROGEE**          **Page 3 of 6**
**OF TWIN AMERICA, LLC AND MARK 'ZEV' MARMURSTEIN vs. NEW YORK MARINE AND**
**GENERAL INSURANCE COMPANY ET AL**
**Motion No.  010 011**

[* 3]

3 of 6

suit as to whether or not the Twin defendants could have been vicariously liable and therefore the issue of vicarious liability remains open and with it the availability of defense costs.

However, the allegations on which Lexington relies are not those pointing to vicarious liability, but rather refer generally to control of one company over another. These underlying allegations are in the nature of alter ego or joint venture. All Lexington can point to, even after additional briefing, is individual liability for individual conduct and a failure to maintain corporate formalities. This is not the same as vicarious liability (*see GBTI, Inc. v. Ins. Co. of State of Pennsylvania*, 2011 WL 1332165, at *8 [E.D. Cal. Apr. 5, 2011] [" 'Vicarious liability' cannot be equated with the wrongful conduct connected with 'alter ego' liability. Piercing the corporate veil involves some abusive conduct by the individual shareholders which justifies ignoring the corporate formalities."]).

Indeed, *GBTI* is remarkably similar. In that case, there also was an auto accident. The auto policy also provided coverage for: "[a]nyone liable for the conduct of an 'insured,' " language plaintiff has conceded means vicarious liability. In deciding there was no vicarious liability in the underlying suit upon which to base coverage, the *GBTI* court made a distinction between vicarious liability and that of alter ego:

> "Here, the *Nosker* action sought to hold the Gill brothers liable for independent wrongful conduct of ignoring the formalities of the corporate form. Corporate officers ultimately may be vicariously liable for the corporation's acts, but first, the officers must engage in their own bad faith or deceptive acts. "A claim against a defendant, based on the alter ego theory, is not itself a claim for substantive relief, e.g., breach of contract or to set aside a fraudulent conveyance, but rather, procedural, i.e., to disregard the corporate entity as a distinct defendant and to hold the alter ego individuals liable on the obligations of the corporation where the corporate form is being used by the individuals to escape personal liability, sanction a fraud, or promote injustice." *Shaoxing County,* 120 Cal.Rptr.3d at 310. The officers must ignore the corporate formalities of the corporation. This is a significant step removed from the vicarious liability typically the subject of an "omnibus" clauses. Vicarious liability of an employer or principal is not based on fault. *See e.g., Lathrop v. Healthcare Partners Medical Group,* 114 Cal.App.4th

**651214/2022   LEXINGTON INSURANCE COMPANY, ON ITS OWN BEHALF AND AS SUBROGEE**                    **Page 4 of 6**
**OF TWIN AMERICA, LLC AND MARK 'ZEV' MARMURSTEIN vs. NEW YORK MARINE AND**
**GENERAL INSURANCE COMPANY ET AL**
**Motion No.  010 011**

[* 4]

> 1412, 1423, 8 Cal.Rptr.3d 668, 675 (2004). The liability the Gill brothers faced in the *Nosker* action was not vicarious liability for the automobile accident. Rather, their liability was premised upon their own failure to maintain the requisite corporate formalities. Only through separate wrongdoing by the Gill brothers would they face potential liability in the *Nosker* action.
>
> The risk of separate corporate wrongdoing is not the risk insured in an auto policy. The auto policy insured against the risk of harm from the operation of an "auto." (Doc. 54, Response Facts no. 24.) The auto policy did not insure against the risk of harm from corporate officers misusing the corporate entities. Extending insured status to the Gill brothers based on their alleged failure to follow corporate formalities would sanction an alleged form of fraud, and extend policy coverage beyond traditional vicarious liability."

(*Id*. at *8–9).

Although unclear, plaintiff also seems to argue that the determination there was no vicarious liability can only be made by the court in the underlying action. This argument, if indeed plaintiff meant to make it, has little sense to it. First, it would collapse the California rule into that of New York and plaintiff has already conceded that the rule in California is different. Moreover, in *GBTI*, the coverage court determined there was no vicarious liability AFTER settlement of the underlying action. Finally, the court in the underlying action here did decide there was no vicarious liability when it approved the settlement (*see* EDOC 80 and discussion, *supra*).

The court has considered the parties' remaining contentions and finds them unavailing.

Accordingly, there being no issue of fact as to the lack of a potential for vicarious liability, it is

ORDERED that the court grants NYM's motion (no. 10) for summary judgment, and the complaint is dismissed as to defendant NEW YORK MARINE AND GENERAL INSURANCE COMPANY with costs and disbursements to NYM as taxed by the Clerk upon the submission of an appropriate bill of costs; and it is further

**651214/2022   LEXINGTON INSURANCE COMPANY, ON ITS OWN BEHALF AND AS SUBROGEE OF TWIN AMERICA, LLC AND MARK 'ZEV' MARMURSTEIN vs. NEW YORK MARINE AND GENERAL INSURANCE COMPANY ET AL
Motion No.  010 011**

**Page 5 of 6**

5 of 6

ORDERED that the court denies Lexington's motion for summary judgment against NYM (motion 11); and it is further

ORDERED, ADJUDGED, and DECLARED that NYM owes no further coverage obligations to Lexington as subrogee of TWIN AMERICA, LLC and MARK "ZEV" MARMURSTEIN; and it is further

ORDERED that the remainder of this action against the Twin defendants is severed and shall continue.

| **7/9/2024** | | | | | | |
|---|---|---|---|---|---|---|
| **DATE** | | | | **MELISSA A. CRANE, J.S.C.** | | |
| CHECK ONE: | | CASE DISPOSED | | **X** NON-FINAL DISPOSITION | | |
| | | GRANTED | DENIED | **X** GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**651214/2022   LEXINGTON INSURANCE COMPANY, ON ITS OWN BEHALF AND AS SUBROGEE**          **Page 6 of 6**
**OF TWIN AMERICA, LLC AND MARK 'ZEV' MARMURSTEIN vs. NEW YORK MARINE AND**
**GENERAL INSURANCE COMPANY ET AL**
**Motion No.  010 011**

[* 6]                                                    6 of 6